# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Tracy Mays,** | ) | **CASE NO. 1: 14 CV 2720** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **State of Ohio,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff Tracy Mays filed this *in forma pauperis* civil rights action against the State of Ohio, alleging he was wrongfully convicted of domestic violence in a state criminal proceeding. *See State of Ohio v. Tracy R. Mays*, CR-12-559249-A (Cuyahoga County Court of Common Pleas). The plaintiff asks this Court to reverse the judgment of conviction in the state domestic violence case, exonerate him of the criminal charges, and expunge his criminal record. In addition, he seeks monetary damages allegedly occurring "as a result of [his] wrongful conviction."

The plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted; however, his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires a federal district court to dismiss *sua sponte* any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.

The plaintiff's complaint fails to state a claim on which relief may be granted. To the extent the plaintiff seeks to have this Court review and overturn the judgment or other decisions of the Ohio state court in the plaintiff's state domestic violence case, his action is barred by the *Rooker-Feldman* doctrine, which was designed to "prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision." *Kovacic v. Cuyahoga Cty. Dep't of Children and Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010). The *Rooker-Feldman* doctrine prohibits a federal court from exercising subject-matter jurisdiction over a claim where the source of the injury asserted is the state court judgment itself. In other words, the doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005).

The "source" of the plaintiff's asserted injury in this case is the adverse criminal judgment in the plaintiff's state domestic violence case. The plaintiff alleges he was wrongfully convicted in the state case and asks this Court to review and overturn the state court's judgment. This is precisely the type of "end-run" around a state court judgment that the *Rooker-Feldman* doctrine was designed to prohibit. The plaintiff cannot seek a direct review of the state court's judgment in this Court. The plaintiff's claims seeking to overturn his state-court conviction and expunge his domestic violence conviction are barred by *Rooker-Feldman*. *See, e.g., Blackburn v. Jansen*, 241 F.Supp.2d 1047, 1049, n. 2 (D. Neb. 2003) ("insofar as the plaintiff seeks in this case to challenge his conviction for a domestic-violence misdemeanor, the '*Rooker–Feldman*

doctrine' bars this court from correcting a state court judgment, and no relief is available in this court to do so.").

The plaintiff's complaint also fails to state a cognizable claim for money damages arising from his allegedly wrongful conviction. In *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Supreme Court held that a plaintiff may not pursue a damages claim arising out of an allegedly unlawful conviction or sentence unless and until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Nothing in the plaintiff's complaint suggests the plaintiff's domestic violence conviction has been called into question or invalidated in any of these ways.[1] Accordingly, the plaintiff's complaint fails to state a cognizable claim for money damages under *Heck*.

In addition to failing to state a claim on which relief may be granted, the plaintiff's complaint seeks money damages from a defendant who is immune from such relief. The State of Ohio is entitled to immunity from the plaintiff's suit under the Eleventh Amendment. *See Firestone Park Athletic Ass'n v. State of Ohio*, 217 F. Supp. 2d 833, 835-36 (N.D. Ohio 2002) ("It is well settled that States enjoy Eleventh Amendment immunity from suits in federal court unless the State has consented to the suit or Congress has abrogated their Eleventh Amendment immunity. . . . [I]t is clear that Congress did not abrogate the States' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983.").

**Conclusion**

In sum, for all of the reasons stated above, the plaintiff's complaint is *sua sponte*

---

[1] Rather, it appears that the plaintiff was released from prison after serving his sentence.

dismissed under 28 U.S.C. §1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan  
                                          PATRICIA A. GAUGHAN  
                                          United States District Judge

Dated: 6/1/15